IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAKEDA PHARMACEUTICAL COMPANY
LIMITED, ET AL,

                                         12cv0026
        Plaintiffs,            **ELECTRONICALLY FILED**

        v.

MYLAN, INC., ET AL,

        Defendants.

### Memorandum Order Granting Plaintiffs' Motion to Transfer (Doc. No. 35)

**I.**    **Introduction**

This is an action in patent infringement. Plaintiffs allege that defendants are infringing ten (10) of the plaintiffs' patents and defendants allege, by counterclaim, that an eleventh (11th) patent held by plaintiffs is invalid. Currently pending before this Court is plaintiff's motion to transfer this action to the United States District Court for the Southern District of New York, where a previously filed action is currently pending, or in the alternative, to stay this litigation pending the outcome of the New York action (doc. no. 35). On March 15, 2012, defendants entered their response thereto (doc. no. 37).

Plaintiffs filed suit in this Court protectively due to the 45 day filing window imposed by the Hatch-Waxman Act.[1] Doc. No. 1. Defendants, without being served, filed an answer on January 23, 2012, and filed a counterclaim regarding a patent that plaintiffs had not asserted. Doc. No. 7. On the same day, defendants filed a motion in the Southern District of New York

---

[1] "… the approval shall be made effective immediately unless, before the expiration of 45 days after the date on which the notice described in paragraph (2)(B) is received, an action is brought for infringement of the patent that is the subject of the certification …." 21 U.S.C. § 355(j)(5)(B)(iii).

seeking transfer of that case to this Court, and that motion was denied. *Takeda Pharm. Co., Ltd., et al, v. Mylan Inc., et al*, 1:12-cv-24, Docs. No. 12, 37 (S.D.N.Y.).

## II.     Factual Background

Since 2003, plaintiffs have filed suit in the United States District Court for the Southern District against 15 defendants involving the same subject matter as the current case – pioglitazone hydrochloride. The Honorable Denise Cote has presided over all of these cases. See, e.g., 1:04-cv-1966 (S.D.N.Y.); 1:07-cv-3844 (S.D.N.Y.). Two cases against defendants are included among these cases. The first case included a three (3)-week bench trial and appeals to the United States Court of Appeals for the Federal Circuit and United States Supreme Court. *Takeda Chem. Indus., Ltd, v. Mylan Labs., Inc.*, 417 F.Supp.2d 341 (S.D.N.Y. 2006), *aff'd* 492 F.3d 1350 (Fed. Cir. 2007), *cert. denied* 552 U.S. 1295 (2008). The second case resulted in settlement. 1:08-cv-6999, Doc. No. 64 (S.D.N.Y.).

On November 21, 2011, defendants filed an Abbreviated New Drug Application with the Federal Drug Administration to market a generic form of ACTOPLUS MET XR. Plaintiffs then filed suit in the United States District Court for the Southern District of New York and subsequently in this Court within the 45 days required by 21 U.S.C. § 355(j)(5)(B)(iii).

## III.    Discussion

Title 28 United States Code Section 1404(a) provides simply that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." There are numerous private and public factors which a Court may consider where a transfer is sought, and critically, plaintiffs' choice of forum is generally a significant consideration in deciding a discretionary motion to transfer under Section 1404(a).

In addition to the plaintiffs' choice of forum, other private factors include where the case arose, the convenience of the parties/witnesses, and the location of books and records. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Public factors include the practical consideration that would make a trial expeditious or less expensive, administrative difficulties, court congestion, and local interest.

In addressing almost this exact issue, one court has held that a plaintiff who files two identical suits in different districts because of the 45-day statute of limitations under the Hatch-Waxman Act expresses its preference of venue by (a) which venue the first suit was filed in and (b) which venue service was effected against defendants. *Celgene Corp. v. Abrika Pharm. Inc.*, 2007 WL 1456156, at *5 (D. N.J. May 17, 2007). In this case, plaintiffs first filed suit against defendants on January 3, 2012, in the Southern District of New York, and effected service upon defendants on January 5, 2012. 1:12-cv-24, Doc. Nos. 1, 6 (S.D.N.Y.). Plaintiffs filed this suit on January 6, 2012, and never effected service upon defendants. Doc. No. 1.

The cases upon which defendants rely in support of their argument that transfer is inappropriate, are distinguishable from this case. For example, in *Aventis Pharma Deutschland GMCH v. Lupin Ltd.*, 403 F.Supp.2d 484 (E.D. Va. 2005), plaintiff only moved to stay the action, not to transfer it. In this case, plaintiffs have, indeed, moved to transfer the case to the Southern District of New York.

Plaintiffs filed its first case against defendants in the Southern District of New York, in 2003, and the Honorable Judge Cote has presided over numerous patent cases related to the subject of this litigation - pioglitazone hydrochloride. Judge Cote has been intimately involved in this litigation and, among other things, and as detailed above, conducted a three-week bench trial in 2006 (wherein the validity and enforceability of the subject patent was upheld), and

presided over extensive technical and scientific testimony regarding the patent. *Takeda*, 417 F.Supp.2d at 341.

Indeed, in the March 6, 2012 Order denying transfer of the New York action to this Court, Judge Cote specifically found that "efficiency and familiarity factors weigh heavily against transfer [to the Western District of Pennsylvania]." 1:12-cv-24, Doc. No. 37 at 3 (S.D.N.Y.). Importantly, Judge Cote also stated that she had "supervised extensive litigation concerning defendants' pioglitazone and related patents. The present action will overlap in numerous respects with prior actions, rendering litigation before [Judge Cote] efficient for all parties and in the interests of justice." *Id*.

Defendants argue that the case would be expedited if it were to occur in the Western District of Pennsylvania; however, under the circumstances of this case, this Court disagrees. This is a complicated patent suit, and it would take this Court time to come up to speed on all of the pharmaceutical technology at issue. Judge Cote, on the other hand, is already quite familiar with the pharmaceutical technology, the parties, and the past litigation involving this same compound. Thus, because of her familiarity and vast knowledge of the issues surrounding this patent suit, to avoid duplication, and in the interests of judicial efficiency and judicial economy, Judge Cote would be more likely to bring this case up for trial more expeditiously.

Thus, after consideration of all the private factors, to wit: plaintiffs' choice of forum, the convenience of the parties and witnesses, location of documents in this case, where the case arose, *and* after consideration of all public factors, including (most notably) the clear preference of Judge Cote to maintain all actions related to this litigation, the Court has no doubt that the appropriate forum for this litigation is and remains before Judge Cote, in the Southern District of

4

New York.[2] The complaint before Judge Cote is almost identical to the complaint filed in this action. Doc. No. 1; 1:12-cv-24, Doc. No. 1 (S.D.N.Y.). Defendants have already answered the complaint in the Southern District of New York and filed a counterclaim, as they have done in this case. Doc. No. 7; 1:12-cv-24, Doc. No. 16 (S.D.N.Y.).[3]

**IV.   Conclusion**

In conclusion, this Court echoes the statement of the Honorable Donald J. Lee, as it is equally applicable to the case *sub judice*, "[i]n this complicated case involving patent technology, piecemeal litigation is not appropriate, and in the interests of justice would be better served if all claims are decided in the same forum." *Zeneca, Ltd. v. Mylan Pharm., Inc.*, 1996 WL 911211, at *1-2 (W.D. Pa. May 31, 1996).

AND NOW, this 19th day of March 2012, IT IS HEREBY ORDERED that plaintiffs' motion to transfer (doc. no. 35) is GRANTED, and plaintiffs' alternative motion to stay is DENIED as MOOT. This action is hereby transferred to the United States District Court for the Southern District of New York forthwith.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:   All ECF counsel of record

      The Honorable Denise Cote, United States District Judge for the Southern District of New York

---

[2] Although this Court cannot transfer the case directly to Judge Cote, this Court is confident she will be assigned the case when transferred to the Southern District of New York. *See* Southern District of New York Rules for the Division of Business Among District Judges.

[3] The Court does not conduct an in-depth analysis of all the private/public factors, since the factors concerning plaintiffs' choice of forum, and the fact that numerous prior related actions are/were pending before Judge Cote, weigh very heavily in favor of transfer. The Court does, however, note that convenience of the parties/non-party witnesses, located of documents, and all practical considerations do not weigh against transfer.